NEWARK AND HACKENSACK TRACTION COMPANY, PROSE-
CUTOR, v. THE MAYOR AND COUNCIL OF THE BOR-
OUGH OF NORTH ARLINGTON.

Argued June 5, 1901—Decided November 11, 1901.

1. Where a municipal ordinance is proposed to be adopted, by which valuable property rights will be injuriously affected, notice to the property-owner is a necessary prerequisite to its passage.

2. Notice that the proposed ordinance will be produced at the then next meeting of the municipal body will not justify the introduction thereof at a session held many meetings thereafter, and its subsequent passage.

On *certiorari.*

Before Justices GUMMERE and HENDRICKSON.

For the prosecutor, *Sherrerd Depue.*

For the defendants, *Addison Ely.*

The opinion of the court was delivered by

GUMMERE, J. The object of this writ is to review the corporate action of the mayor and council of the borough of North Arlington, in the passage of an ordinance repealing "An ordinance ratifying the ordinance of the Union Traction Company, passed by the township of Union, in the county of Bergen, and State of New Jersey, on the 5th day of February, 1895, and which said ordinance was passed by the mayor and council of the borough of North Arlington on the 15th day of December, 1896." The ordinance of the Union Traction Company which is referred to, granted to that corporation the right to construct and operate a street railroad in, over and upon certain streets and avenues in the township of Union, and the right conferred thereunder passed to the prosecutor as the successor and assign of that company. The ratifying ordinance was passed by the defendants by reason of the fact that they were subsequently set off from the township of Union and became an independent municipal corporation through whose territory a certain portion of the railway which had been, authorized to be constructed and operated ran. Under these two ordinances the prosecutor had constructed, and was actually operating, its railway within the limits of the borough of North Arlington at the time of the passage of the repealer.

That the repealing ordinance affected, in fact, destroyed, valuable property rights of the prosecutor is manifest; and,

as a preliminary to such municipal action, notice to the prosecutor of the intention to take it was therefore a necessary prerequisite. *Kennelly* v. *Jersey City,* 28 *Vroom* 293; *Railroad Co.* v. *Cape May,* 29 *Id.* 565; *S. C. on error,* 31 *Id.* 224.

An examination of the testimony taken under the rule allowed by this court satisfies us that no such notice was given. The counsel of the borough was directed, on April 4th, 1899, to notify the traction company that a resolution would be introduced at the next meeting of the mayor and council to revoke its franchise, and the borough counsel testifies that he sent a letter to the president of the company in relation to this matter. He does not, however, state that it was delivered, and the president of the company explicitly denies the receipt of any such notice. No attempt is made to impeach the testimony of the president, and, accepting it as true, it is quite clear that no notice of intention was ever communicated to the corporation. But even if the testimony of the president be disregarded, the situation is not changed. The notice which was actually sent was that a revoking resolution would be introduced at the meeting of the mayor and council next subsequent to April 4th, 1899, whereas, in fact, no resolution of that purport was introduced at that meeting, or at any other, nor was the ordinance brought up by this writ introduced at that meeting, nor at any other meeting held during that year, although there were many. It was not until January 2d, 1900, that it was introduced before council. If the prosecutor had received the notice which was directed to be sent by borough counsel, and had attended the next subsequent meeting of the mayor and council, for the purpose of being heard on the question of the passage of the proposed resolution, it would probably have been justified in believing, from the non-action of the municipality, that the intention to introduce the repealing resolution had been abandoned. Certainly it was not bound to attend every meeting which the mayor and council might thereafter hold, for an indefinite period, for the purpose of protecting its right to be heard when action was finally taken upon the

resolution. In order to justify the passage of the repealing ordinance at a later day than that mentioned in the notice, there should have been either a formal adjournment of action upon the matter, from one meeting to the next, or a new notice given to the prosecutor.

We do not express any opinion as to the power of the municipality to repeal the ordinances by which the right to construct and operate its street railway was conferred upon the prosecutor. Evidence was offered to show that no acceptance of these ordinances was ever filed by the prosecutor, or its predecessor in title, as required by the statute regulating these matters, and it is argued that until there has been such acceptance, the right to repeal exists. Whether this be so or not it is not necessary to decide, for, even if it be conceded, such right cannot be exercised without notice to the parties to be affected by it.

The ordinance under review should be set aside.